RECEIVED
IN ALEXANDRIA, LA.

JAN 2 0 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MANUEL DAVID HERNANDEZ<br>B.O.P. #09766-035 | DOCKET NO. 09-CV-0708; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| OFFICER HALL, ET AL | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se complaint of Manuel David Hernandez, filed on May 21, 2009. [Doc. #5] Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary Hazleton in West Virginia. Plaintiff raises a claim under the Federal Tort Claims Act (FTCA) 28 U.S.C. § 1346(b)(1) and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. He named as defendants Officer Hall, Lieutenant Bowers, Warden Menifee, Officer Wells, Officer Wiley, unit Manager Montgomery, and Case Manager Epplin-Deville.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

## STATEMENT OF THE CASE

Plaintiff alleges that on April 2, 2007, he was placed in the Segregated Housing Unit (SHU) at United States Penitentiary Pollock. Plaintiff claims that Officer Hall, who was working Plaintiff's regular housing unit, A-3, neglected to send all of Plaintiff's legal and commissary property to be stored in the SHU. Because Plaintiff's property was left behind in his regular unit, all of Plaintiff's property was stolen by other inmates. Plaintiff seeks compensation for his stolen property in the amount of $6,783.88, as well as punitive damages.

Plaintiff also claims that the defendants conspired to deny him access to the courts by keeping him separated from his personal property, which included numerous legal books. He claims that because he did not have his legal books, he could not timely file post-conviction motions. Plaintiff submitted copies of purchase orders for legal books purchased on July 7, 2003, September 21, 2003, August 8, 2004, March 12, 2005, and July 23, 2006.

Plaintiff states that he filed a BP8 and BP9, but was told to file a tort claim. Plaintiff did not initially submit copies of the responses to his administrative remedy forms or Tort Claim Form SF-95. In an amended complaint, Plaintiff submitted a copy of the final denial of his Administrative Tort Claim. [Doc. #23, p.16]

**LAW AND ANALYSIS**

I. **Due Process**

Plaintiff claims that he was deprived of his property without due process of law, either by the intentional acts of the defendants or through their negligence. The *negligent* deprivation of property by a state or federal employee can never constitute a deprivation of due process. See Daniels v. Williams, 474 U.S. 327, 333-34 (1986). The unauthorized *intentional* deprivation of property does not constitute a due process violation if a meaningful post-deprivation remedy is available. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984). In the instant case, Plaintiff has a meaningful post-deprivation remedy under the Federal Tort Claims Act. See Gordon v. Day, 172 Fed. Appx. 565, 567 (5th Cir. 2006). His due process claim should be dismissed.

II. **Federal Tort Claims Act (FTCA)**

Plaintiff alleges that he has a claim under the FTCA. The doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." Williamson v. United States Dep't of Agriculture, 815 F.2d 368, 373 (5th Cir. 1987). The Federal Tort Claims Act (FTCA) is one statute pursuant to which the United States has waived sovereign immunity and has consented to be sued. 28 U.S.C. §2671, et seq. Waivers of sovereign immunity must

be strictly construed. See Wilkerson v. United States, 67 F.3d 112, 118 (5th Cir. 1995)(citing United States v. Sherwood, 312 U.S. 584, 590 (1941)). The final denial of Plaintiff's administrative tort claim is dated October 16, 2008. Plaintiff had six months from that date to file suit in district court - or until April 16, 2009. Plaintiff's suit was not filed until April 28, 2009, and it was signed and dated April 22, 2009. Thus the earliest possible date that Plaintiff could be given credit for filing suit would be April 22, 2009. Because Plaintiff did not file suit within the allocated time frame, his claim under the Federal Tort Claims Act is time barred.

Additionally, all suits brought under the FTCA must be brought *against the United States*. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998)("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant"); Atorie Air Inc. v. F.A.A. of U.S. Dept. of Transp., 942 F.2d 954, 957 (5th Cir. 1991)("All suits brought under the FTCA must be brought against the United States."). In this case, Plaintiff did not name the United States as a defendant. As a result, even if his claim was not prescribed, the Court would still lack the requisite subject matter jurisdiction over Plaintiff's FTCA claim.

### III. Bivens Claim

Plaintiff claims that he was denied access to the courts by the defendants when they placed him in segregation and either

destroyed his legal books or failed to prevent the property from being stolen by other inmates. Prisoners have a constitutional right of access to the courts, and to establish a violation of that right, a prisoner must show that he suffered an "actual injury." See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998) (holding that, without proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim). An inmate shows an actual injury by establishing that his position as a litigant was prejudiced *due to the disputed acts*. Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)(emphasis added). That is, the inmate must show that he was *prevented from raising a meritorious legal issue*. Ruiz, 160 F.3d at 275.

First, Plaintiff's Bivens claim is likely prescribed. The complained of acts took place on April 2, 2007, and Plaintiff did not file this suit until April 28, 2009. While prescription would be tolled while properly exhausting administrative remedies, Plaintiff claims that his grievances were never answered.

Even if his Bivens claim is not time-barred, it should be dismissed. In his amended complaint, Plaintiff alleges that he was prevented from bringing a **legal malpractice** suit against his former civil attorney who had wrongfully dismissed a petition for damages that Plaintiff filed back in 1997. However, the constitutional right of access to courts guarantees only a reasonably adequate opportunity to file nonfrivolous legal claims **challenging their**

5

**convictions or conditions of confinement.** Lewis v. Casey, 518 U.S. 343, 356 (1996) Access to courts does not encompass the right to file a malpractice suit.

Plaintiff also complains that he was unable to pursue a civil rights complaint against certain Avoyelles Parish detectives. Plaintiff does not allege any facts indicating that he could have raised a nonfrivolous claim against those individuals or that such a claim would have been timely. Moreover, Plaintiff's personal legal books would not have been necessary to submit a civil rights complaint as USP-P has a law library, and there is a simple form to complete for filing a civil rights suit in this District Court. [Doc. #5]

Next, Plaintiff alleges that he could not file a "second or successive" habeas case because his legal books and discovery documents were seized by Defendant Hall. Specifically, he claims that he was unable to challenge his 1998 federal conviction of armed bank robbery. Plaintiff previously filed a habeas case, which was dismissed by this Court on August 30, **2002**. His motion for a Certificate of Appealability was denied by the Fifth Circuit on January 31, **2003**. Plaintiff did not seek any further legal recourse until now, where Plaintiff claims that the loss of his legal books in April **2007** prevented from filing a second and successive habeas petition. Plaintiff has not presented any factual allegations of how the loss of his personal legal books in

2007 prevented him from seeking permission to file a second and successive habeas petition.

Plaintiff has not presented factual allegations of how he was denied a *reasonably adequate opportunity* to present a *meritorious legal issue*. Ruiz, 160 F.3d at 275. Despite being provided the opportunity to amend and filing multiple amended complaints in this case, Plaintiff has only conclusory allegations.

### CONCLUSION

For the forgoing reasons, **IT IS RECOMMENDED that Plaintiff's complaint be DENIED AND DISMISSED as failing to state a claim for which relief can be granted** pursuant to 28 U.S.C. §1915(e)(2)(b).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 20th day of January, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE